UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JEREMIAH PEACEMAKER,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY TOOMEY, *et al.*,<br><br>Defendants. | 1:26-cv-01002-CBK<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND** |

Defendants Timothy Toomey, Lee McPeek, Terry Ingalls, Detective Cody Trumm, Detective Rueben Kinnunen, Former Detective Chad Stahl, Officer Shane Hardie (formerly of the Watertown Police Department and as an officer for the Watertown Police Department), Officer Brandon Johnson, Officer Ryan Fischer, Officer Jamon Harberts, Officer Trevor Barthel, Officer Caden Wollschlager, Officer Ryan Beauchamp, Officer Scott Price, Each Supervisor of any Current or Former Watertown Police Officer Named, and the City of Watertown (collectively referred to as "Watertown Defendants") file this Answer to Plaintiff's Complaint (Doc. 1) as follows:

1. Watertown Defendants deny each and every allegation, matter and thing contained in the Complaint except those matters specifically admitted herein.
2. The Complaint fails to state a claim against the Watertown Defendants upon which relief can be granted.
3. The Complaint violates Fed. R. Civ. P. 8(a)(2) because it does not contain a short and plain statement of Plaintiff's claims showing that he is entitled to relief.

4. Watertown Defendants lack information sufficient to admit or deny the allegations of paragraph 1 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
5. With respect to paragraph 2 of the Complaint, Watertown Defendants admit that Timothy Toomey ("Toomey") is a resident of South Dakota, that Toomey has served as a sworn law enforcement officer with the Watertown Police Department ("WPD"), and that Toomey has served as Assistant Chief and Police Chief. The remaining allegations state a legal conclusion to which no response is required. If a response is required, denied.
6. With respect to paragraph 3 of the Complaint, Watertown Defendants admit that Lee McPeek ("McPeek") is a resident of South Dakota, that McPeek has served as a sworn law enforcement officer with the WPD, and that McPeek has served as Assistant Chief and Police Chief. The remaining allegations state a legal conclusion to which no response is required. If a response is required, denied.
7. Watertown Defendants admit the allegations in paragraphs 4-5 of the Complaint.
8. With respect to paragraph 6 of the Complaint, Watertown Defendants admit that Reuben Kinnunen ("Kinnunen") is a resident of South Dakota, and that Kinnunen is a sworn law enforcement officer with the WPD. The remaining allegations state a legal conclusion to which no response is required. If a response is required, denied.
9. With respect to paragraph 7 of the Complaint, Watertown Defendants admit that Chad Stahl ("Stahl") is a resident of South Dakota, and that Stahl is a former sworn law enforcement officer with the WPD. The remaining allegations state a legal conclusion to which no response is required. If a response is required, denied.

10. With respect to paragraph 8 of the Complaint, Watertown Defendants admit that Shane Hardie ("Hardie") is a resident of South Dakota, and that Hardie is a former sworn law enforcement officer with the WPD. Watertown Defendants lack information sufficient to admit or deny the remaining allegations, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
11. Watertown Defendants admit the allegations in paragraphs 9-15 of the Complaint.
12. Paragraph 16 of the Complaint is vague and confusing. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraph 16 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
13. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 17-25 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
14. With respect to the allegations in paragraph 26 of the Complaint, Watertown Defendants admit that Marty Jackley is the Attorney General for the State of South Dakota. Watertown Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 26, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
15. With respect to the allegations in paragraph 27 of the Complaint, Watertown Defendants admit that Jason Ravnsborg is the former Attorney General for the State of South Dakota. Watertown Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 27, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

16. With respect to the allegations in paragraph 28 of the Complaint, Watertown Defendants admit that Mark Vargo is the former Attorney General for the State of South Dakota. Watertown Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 28, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
17. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 29-31 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
18. With respect to the allegations in paragraph 32 of the Complaint, Watertown Defendants admit that Codington County is a county in the State of South Dakota. Watertown Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 32, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
19. With respect to the allegations in paragraph 33 of the Complaint, Watertown Defendants admit that the City of Watertown ("City") is a municipality in South Dakota. Watertown Defendants deny the remaining allegations in paragraph 33.
20. With respect to the allegations in paragraph 34 of the Complaint, Watertown Defendants admit that the WPD is a department of the City. Watertown Defendants deny the remaining allegations in paragraph 34.
21. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 35-36 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
22. Watertown Defendants deny the allegations in paragraph 37 of the Complaint.

23. With respect to paragraph 38 of the Complaint, Watertown Defendants admit that a grand jury returned an indictment against Plaintiff on September 14, 2020. Watertown Defendants deny the remaining allegations in paragraph 38.
24. Watertown Defendants deny the allegations in paragraph 39 of the Complaint.
25. With respect to paragraph 40 of the Complaint, Watertown Defendants admit that Plaintiff was indicted for first degree murder and was jailed in the Codington County Detention Center before a jury acquitted him of all charges. Watertown Defendants deny the remaining allegations in paragraph 40.
26. Paragraphs 41 and 43 of the Complaint state a legal conclusion to which no response is required. There is no paragraph 42 in the Complaint.
27. With respect to paragraphs 44-67 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 44-67 and deny those allegations.
28. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraph 68 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
29. With respect to paragraph 69 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 69 and deny those allegations.

30. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 70-73 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

31. With respect to paragraph 74 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 74 and deny those allegations.

32. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 75-77 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

33. With respect to paragraphs 78-81 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 78-81 and deny those allegations.

34. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraph 82 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

35. With respect to paragraphs 83-90 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 83-90 and deny those allegations.

36. With respect to the allegations in paragraph 91, Watertown Defendants admit that Stahl read Plaintiff his Miranda Rights.

37. With respect to paragraphs 92-100 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 92-100 and deny those allegations.

38. With respect to paragraph 101 of the Complaint, Watertown Defendants admit that in the morning of September 3, 2020, Stahl arrested Plaintiff for murder in the second degree – depraved mind, and that Stahl did not have an arrest warrant. Watertown Defendants affirmatively assert that probable cause existed for Plaintiff's arrest and that an arrest warrant was not required. The remaining allegations are denied.

39. Watertown Defendants deny the allegations in paragraph 102 of the Complaint.

40. With respect to paragraph 103-114 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 103-114 and deny those allegations.

41. Watertown Defendants deny the allegations in paragraphs 115-116 of the Complaint.

42. With respect to paragraphs 117-119 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 117-119 and deny those allegations.

43. Watertown Defendants deny the allegations in paragraph 120 of the Complaint.

44. With respect to paragraph 121 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to

summarize and characterize the criminal record and criminal trial testimony in paragraph 121 and deny those allegations.

45. Watertown Defendants deny the allegations in paragraph 122 of the Complaint.

46. With respect to paragraph 123 of the Complaint, the press interview speaks for itself. Watertown Defendants deny the remaining allegations in paragraph 123.

47. With respect to paragraphs 124-125 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 124-125 and deny those allegations.

48. Watertown Defendants deny the allegations in paragraph 126 of the Complaint.

49. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraphs 127-150 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

50. Watertown Defendants deny the allegations in the first two sentences of paragraph 151 of the Complaint. Watertown Defendants lack information sufficient to admit or deny the allegations in last sentence of paragraph 151 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

51. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraph 152 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.

52. Watertown Defendants deny the allegations in the first sentence of paragraph 153 of the Complaint. With respect to the remaining allegations in paragraph 153 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown

Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 153 and deny those allegations.

53. Watertown Defendants deny the allegations in paragraph 154-156 of the Complaint.
54. With respect to the allegations in paragraph 157 of the Complaint, Watertown Defendants admit that the trial was 8 days. Watertown Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 157 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
55. Watertown Defendants lack information sufficient to admit or deny the allegations in paragraph 158 of the Complaint, and therefore, deny the same and remit Plaintiff to the strict proof thereof.
56. Watertown Defendants deny the allegations in paragraph 159-160 of the Complaint.
57. With respect to the allegations in paragraph 161 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
58. Watertown Defendants deny the allegations in paragraph 162-163 of the Complaint.
59. With respect to the allegations in paragraph 164 of the Complaint, Watertown Defendants admit that Plaintiff was arrested approximately 12 hours after Ms. Owen's body was found. Watertown Defendants deny the remaining allegations. The criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 164 and deny those allegations.
60. Watertown Defendants deny the allegations in paragraph 165 of the Complaint.
61. With respect to the allegations in paragraph 166 of the Complaint, Watertown Defendants admit that a grand jury indicted Plaintiff for second degree murder on

September 14, 2020. Watertown Defendants deny the remaining allegations. The criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 166 and deny those allegations.

62. With respect to the allegations in paragraph 167 of the Complaint, Watertown Defendants admit that a grand jury indicted Plaintiff for first degree murder on February 8, 2021. Watertown Defendants deny the remaining allegations. The criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraph 167 and deny those allegations.
63. Watertown Defendants admit the allegations in paragraph 168 of the Complaint.
64. With respect to the allegations in paragraph 169, Watertown Defendants admit that Plaintiff was jailed in the Codington County Detention Center from September 3, 2023, until he was acquitted on March 5, 2024.
65. Watertown Defendants deny the allegations in paragraphs 170-174 of the Complaint.
66. With respect to the allegations in paragraph 175 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
67. Watertown Defendants deny the allegations in paragraphs 176-179 of the Complaint.
68. With respect to the allegations in paragraph 180 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
69. Watertown Defendants deny the allegations in paragraphs 181-182 of the Complaint.
70. With respect to the allegations in paragraphs 183-184 of the Complaint, the criminal record and criminal trial testimony speaks for itself. Watertown Defendants deny

Plaintiff's attempts to summarize and characterize the criminal record and criminal trial testimony in paragraphs 183-184 and deny those allegations.

71. Watertown Defendants deny the allegations in paragraphs 185-191 of the Complaint.
72. With respect to the allegations in paragraph 192 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
73. Watertown Defendants deny the allegations in paragraphs 193-203 of the Complaint.
74. With respect to the allegations in paragraph 204 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
75. Watertown Defendants deny the allegations in paragraphs 205-212 of the Complaint.
76. With respect to the allegations in paragraph 213 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
77. Watertown Defendants deny the allegations in paragraphs 214-218 of the Complaint.
78. With respect to the allegations in paragraph 219 of the Complaint, Watertown Defendants incorporate the preceding paragraphs as if fully set forth herein.
79. Watertown Defendants deny the allegations in paragraphs 220-225 of the Complaint.
80. Watertown Defendants deny liability under Count One for "42 U.S.C. § 1983 for malicious prosecution in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution."
81. Watertown Defendants deny liability under Count Two for "42 U.S.C. § 1983 for use of unreliable and fraudulent investigative techniques, procurement of unreliable and fabricated evidence and spoilation of evidence in violation of the Fourteenth Amendment to the United States Constitution."

82. Watertown Defendants deny liability under Count Three for "42 U.S.C. § 1983 for deliberate suppression of exculpatory evidence in violation of the Fourteenth Amendment to the United States Constitution."

83. Watertown Defendants deny liability under Count Four for "42 U.S.C. § 1983 for deliberate fabrication of false or misleading evidence in violation of the Fourteenth Amendment to the United States Constitution."

84. Watertown Defendants deny liability under Count Five for "42 U.S.C. § 1983 claim against …the City of Watertown for government entity liability as a result of unconstitutional policies, practices and customs in violation of Fourth, Fifth, Eighth, Fourteenth Amendments."

85. Watertown Defendants deny liability under Count Six for "42 U.S.C. § 1983 for supervisory liability in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendment to the United States Constitution."

86. Watertown Defendants deny liability under Count Seven for "42 U.S.C. § 1983 for conspiracy in violation of the Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution."

87. Watertown Defendants deny the nature and extent of Plaintiff's alleged damages and remit Plaintiff to the strict proof thereof.

88. Watertown Defendants deny that Plaintiff is entitled to an award of punitive damages.

## AFFIRMATIVE DEFENSES

89. The Complaint fails to state a claim against the Watertown Defendants upon which relief can be granted.

90. The Complaint violates Fed. R. Civ. P. 8(a)(2) because it does not contain a short and plain statement of Plaintiff's claims showing that he is entitled to relief.

91. Plaintiff's claims are barred, in whole or in part, by qualified immunity.

92. The individual Watertown Defendants were, at all times material, acting within the course and scope of their employment, and they are entitled to qualified immunity.

93. The individual Watertown Defendants are entitled to qualified immunity from suit and liability because their conduct did not violate Plaintiff's constitutional rights.

94. The individual Watertown Defendants are entitled to qualified immunity from suit and liability because their conduct did not violate any constitutional right that was clearly established at the time of the challenged conduct.

95. Plaintiff's clams are barred, in whole or in part, by absolute immunity to the extent the Watertown Defendants' alleged conduct was undertaken in the performance of functions protected by absolute immunity under applicable law.

96. To the extent Plaintiff seeks to impose liability upon an individual Watertown Defendant for testimony given before a grand jury or in a judicial proceeding, such claims are barred by absolute witness immunity.

97. Plaintiff's claims in the Complaint are barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, res judicata, issue preclusion, and claim preclusion.

98. Any evidentiary issues and rulings addressed in the underlying state court criminal matter are of conclusive effect.

99. Plaintiff's claims in the Complaint are barred, in whole or in part, by the doctrine of waiver.

100. Plaintiff cannot establish that any Watertown Defendant deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States, as required to impose liability under 42 U.S.C. § 1983.

101. Plaintiff's claims in the Complaint are barred, in whole or in part, because any damages incurred by Plaintiff, which damages are expressly denied, were caused by the actions or omissions of parties outside of the Watertown Defendants' control.

102. Plaintiff's claims in the Complaint are barred, in whole or in part, because of Plaintiff's failure to reasonably mitigate his alleged damages.

103. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including SDCL § 15-2-15.2, to the extent such claims accrued outside the applicable limitations period and are not subject to applicable tolling or deferred-accrual principles.

104. Probable cause existed for Plaintiff's arrest and the initiation and continuation of the challenged criminal proceedings.

105. The individual Watertown Defendants are entitled to qualified immunity because their determinations concerning probable cause were objectively reasonable under the circumstances and the information available to them at the relevant time.

106. The individual Watertown Defendants did not personally participate in or cause any deprivation of Plaintiff's constitutional rights.

107. The supervisory Watertown Defendants did not direct, authorize, or deliberately disregard unconstitutional conduct, or cause a constitutional deprivation through a deliberately indifferent failure to train or supervise.

108. No individual Watertown Defendant may be held liable solely because of that Defendant's employment or supervisory position.

109. The City may not be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior.

110. No policy, custom, practice, action of a final policymaker, or deliberately indifferent failure to train or supervise by the City of Watertown caused a deprivation of Plaintiff's constitutional rights or was the moving force behind any such deprivation.

111. Plaintiff has failed to establish a constitutional violation.

112. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because Plaintiff has not established the deprivation of a right secured by the Constitution or laws of the United States or the other requirements necessary to impose liability on any Watertown Defendant.

113. Plaintiff's claims are barred, in whole or in part, because the individual Watertown Defendants did not personally participate in any actionable constitutional deprivation, and Plaintiff cannot establish the requisite causal connection between any act or omission attributable to any Watertown Defendant and the alleged constitutional injury.

114. Plaintiff's alleged injuries and damages, which are expressly denied, were not actually or proximately caused by the Watertown Defendants. To the extent any alleged injuries or damages were caused by independent acts or omissions of other persons, or by an independent intervening or superseding cause, recovery against the Watertown Defendants is barred or limited accordingly.

115. Plaintiff's claims against the City of Watertown are barred to the extent Plaintiff cannot establish that a constitutional violation was caused by an official municipal policy, a sufficiently established and actionable municipal custom, or a municipal failure to train, supervise, or act that satisfies the applicable legal requirements for municipal liability under 42 U.S.C. § 1983.

116. Plaintiff's recovery, if any, is barred or must be reduced to the extent Plaintiff failed to take reasonable measures to avoid or mitigate his alleged damages. Plaintiff may not recover damages that reasonably could have been avoided.

117. Plaintiff is not entitled to recover damages that are speculative, unsupported, or not legally recoverable.

118. The City of Watertown is immune from punitive damages under 42 U.S.C. § 1983.

119. The individual Watertown Defendants deny engaging in conduct motivated by evil motive or intent or involving reckless or callous indifference to Plaintiff's federally protected rights sufficient to support an award of punitive damages.

120. There is no factual or legal basis for an award of punitive damages against the Watertown Defendants.

121. An award of punitive damages against the Watertown Defendants would violate the United States Constitution and the South Dakota Constitution.

122. Watertown Defendants affirmatively reserve and assert the right to assert any other affirmative defense or legal defense that may arise during the pendency of this case.

WHEREFORE, the Watertown Defendants respectfully request that Plaintiff's Complaint be dismissed upon its merits, with prejudice, and that Plaintiff recover nothing thereunder; and, further, that the Watertown Defendants recover their costs and disbursements herein, including legal fees, together with such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Watertown Defendants hereby demand a jury trial on all issues so triable.

Dated: October 28, 2026.

CADWELL SANFORD DEIBERT & GARRY LLP
By: /s/ *Melissa R. Jelen*
Melissa R. Jelen
William C. Garry
Sidney J. Hardy
200 East 10th Street, Suite 200
Sioux Falls SD 57104
Telephone: (605) 336-0828
Fax: (605) 336-6036
Email: mjelen@cadlaw.com
bgarry@cadlaw.com
shardy@cadlaw.com