UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEREMIAH PEACEMAKER, | ) | Case No.: 1:26-cv-01002-CBK |
| Plaintiff, | ) | |
| vs. | ) | |
| TIMOTHY TOOMEY, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS KRISTINA FRYER, JESSIKA KIRKPATRICK AND HEATHER SPECHT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COME NOW**, the above-named Defendants, Kristina Fryer, Jessika Kirkpatrick, and Heather Specht, in their individual capacities, by and through their undersigned attorney, Robert L. Morris, Morris Law Firm, Prof. LLC, and for their Answer to Plaintiff's Complaint, state and allege as follows:

1. As to the Complaint, and for the alleged causes of action against Kristina Fryer (Fryer), Jessika Kirkpatrick (Kirkpatrick), and Heather Specht (Specht), these answering Defendants deny each and every matter, fact, argument, and allegation contained in Plaintiff's Complaint, with the exception of those specifically admitted or qualified herein.
2. The Plaintiff's Complaint fails to state a claim under applicable law.
3. As to Paragraph 1, based upon best information and belief, admitted.

4. As to Paragraphs 2 – 7, these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs.

5. As to Paragraph 8, it is admitted that Shane Hardie is employed with the DCI and is a former Watertown Police Officer.

6. As to Paragraphs 9 – 16, these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs.

7. As to Paragraph 17, it is admitted that Cameron Corey was employed with the DCI, was the case agent, and resides in South Dakota.

8. As to Paragraphs 18 – 23, it is admitted that Nathan Winter, Darin Sinner, Jeffrey Bellon, Jeffrey Kollars, Jason Even, and Scot Hawks are employed with the DCI and reside in South Dakota.

9. As to Paragraph 24, these Defendants lack sufficient information regarding the supervisor hierarchy of the DCI employees listed in Paragraphs 18 – 23 to admit or deny the allegation.

10. As to Paragraph 25, it is admitted that Daniel A. Satterlee was the Director of DCI and he resides in South Dakota.

11. As to Paragraph 26, it is admitted that Marty Jackley is the Attorney General for the State of South Dakota.

12. As to Paragraph 27, it is admitted that Jason Ravnsborg was the Attorney General for the State of South Dakota.

13. As to Paragraph 28, it is admitted that Mark Vargo was the Attorney General for the State of South Dakota after Jason Ravnsborg.

14. As to Paragraph 29, it is admitted that Heather Specht is a former forensic scientist with the South Dakota Forensic Lab and now resides in North Dakota.

15. As to Paragraph 30, it is admitted that Jessika Kirkpatrick was a forensic scientist with the South Dakota Forensic Lab, who is now employed with the United States Federal District Court Clerk of Court's Office and resides in South Dakota.

16. As to Paragraph 31, it is admitted that Kristina Fryer is a forensic scientist and Director for the South Dakota Forensic Lab and resides in South Dakota.

17. As to Paragraphs 32 – 34, these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs.

18. As to Paragraph 35, the allegations are not directed at these Defendants and will defer to counsel for the DCI/DCI Defendants.

19. As to Paragraph 36, the 11th Amendment bars any claim against the South Dakota Forensic Lab. Further, these Defendants deny that they and/or the South Dakota Forensic Lab, had in effect, certain explicit and de facto policies, and alleged practices and customs which were applied to the investigation of the case, the acquisition of evidence and the submittal of invalid, misleading, incomplete and false evidence against the Plaintiff and used in the prosecution of the Plaintiff.

20. As to Paragraph 37, it is admitted that the Plaintiff brings a Section 1983 claim against all the Defendants. The remainder of the paragraph is argumentative and is denied as stated.

21. As to Paragraph 38, it is admitted that a Codington County Grand Jury was convened on September 14, 2020. It is denied that any fraudulent, false, or misleading forensic reports were presented to the Grand Jury.

22. As to Paragraph 39, Plaintiff references "Defendants" collectively and there does not appear to be a particular allegation against the answering Defendants, so no response is necessary. If, for some reason, a response is necessary from these answering Defendants, it is denied.

23. As to Paragraph 40, it is admitted that the Plaintiff was charged with the death of Kendra Owen in Codington County and was jailed until the date of his acquittal. The Plaintiff is put to his burden of proof on liability and damages he alleges to have sustained.

24. As to Paragraph 41, there is no objection to this jurisdictional statement.

25. There is no Paragraph 42.

26. As to Paragraph 43, there is no objection to this jurisdictional statement.

27. As to Paragraphs 44 – 120, the allegations do not appear to be directed at these answering Defendants and these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs. To the extent

Paragraphs 44 – 120 are directed at these answering Defendants, these answering Defendants deny.

28. As to Paragraphs 121 – 126, the allegations do not appear to be directed at these answering Defendants and these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs. To the extent Paragraphs 121 – 126 are directed at these answering Defendants, these answering Defendants deny. These answering Defendants deny they engaged in any alleged *Brady* violation.

29. As to Paragraphs 127 – 133, the argument and allegations are denied as stated. The circumstances regarding the cigarette butt(s) were testified to at the hearing on October 19, 2022, regarding the CODIS submission. Defendant Fryer denies testifying falsely and she is covered by absolute immunity. After the hearing, Circuit Court Judge Means issued an Order dated April 20, 2023, which Order speaks for itself. It is admitted that when the DNA from a cigarette butt was uploaded, the results showed the DNA belonged to a Brianna Lawrence.

30. As to Paragraph 134, denied as stated and argumentative. Law enforcement collects evidence and submits it to the South Dakota Forensic Lab for testing. The toothpaste tube was processed for fingerprints and Mr. Peacemaker's right thumb print was determined to exist on the toothpaste tube.

31. As to Paragraph 135, the referenced Lab Report speaks for itself. It is agreed that Peacemaker's right thumb print was on the toothpaste tube as corroborated by Peacemaker's fingerprint expert.

32. As to Paragraph 136, denied as stated and argumentative. There is no dispute that Peacemaker's right thumb print was on the tube of toothpaste.

33. As to Paragraph 137, denied as stated and argumentative. Defendant Specht's testimony, when read completely and in context, speaks for itself.

34. As to Paragraph 138, denied as stated and argumentative. Any testimony, when read completely and in context, as to the practice of the South Dakota Forensic Lab, speaks for itself.

35. As to Paragraph 139, denied as stated and argumentative. Defendant Specht's testimony, when read completely and in context, speaks for itself.

36. As to Paragraph 140, denied as stated and argumentative. The policy manual protocols speaks for itself. Defendant Specht's testimony, when read completely and in context, speaks for itself. It is denied that the "comprised of blood" language is intended to be misleading, fraudulent, or carefully crafted to overstate the test results.

37. As to Paragraph 141, denied as stated and argumentative. Defendant Specht's testimony, when read completely and in context, speaks for itself.

38. As to Paragraphs 142 and 143, denied as stated and argumentative. The South Dakota Forensic Lab manual speaks for itself. Defendant Specht's testimony,

when read completely and in context, speaks for itself. It is denied that Defendant Specht did anything intentionally misleading and denied that the language is carefully crafted to hide the testing method or to overstate the test results.

39. As to Paragraph 144, denied as stated and argumentative. It is denied that any false, misleading, or overstated lab reports were presented to the grand jury or used at trial.

40. As to Paragraph 145, denied as stated and argumentative. Defendant Specht's testimony, when read completely and in context, speaks for itself. Defendant Specht denies that she intentionally chose not to amend her report or allowed a false report to be submitted to the jury.

41. As to Paragraph 146, denied as stated and argumentative. It is admitted that Mr. Scott Bratland sent a letter dated August 13, 2021, to Defendant Kirkpatrick, then known as Jessika Simon and she responded on August 20, 2021; that Mr. Bratland sent a letter dated November 11, 2021, to Defendant Kirkpatrick, then known as Jessika Simon and she responded on December 8, 2021; and that Mr. Bratland sent a letter dated September 9, 2022, to Defendant Kirkpatrick, then known as Jessika Simon and she responded on September 20, 2022. The letters speak for themselves and Defendant Kirkpatrick denies any allegation that she intentionally hid the names of the testing methods.

42. As to Paragraph 147, denied as stated and argumentative. Defendant Kirkpatrick's testimony, when read completely and in context, speaks for itself.

43. As to Paragraph 148, denied as stated and argumentative. Defendant Kirkpatrick's testimony, when read completely and in context, speaks for itself.

44. As to Paragraph 149, denied as stated and argumentative. Defendant Kirkpatrick's testimony, when read completely and in context, speaks for itself. Defendant Kirkpatrick denies she testified falsely or with any intention to mislead the jury in any manner.

45. As to Paragraph 150, Plaintiff references "Entomology" and there does not appear to be a particular allegation against the answering Defendants, so no response is necessary.

46. As to Paragraphs 151 – 157, these are argumentative and these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs.

47. As to Paragraphs 158 – 160, these are argumentative and these Defendants lack sufficient information to admit or deny the allegations as stated in each of these paragraphs.

48. As to Paragraph 161, these answering Defendants restate their responses to previous paragraphs.

49. As to Paragraphs 162 – 165, these answering Defendants are forensic scientists without powers of arrest and therefore deny these allegations against them.

50. As to Paragraph 166, Defendant Specht admits her Report dated September 4, 2020, was used in the Grand Jury proceedings on September 14, 2020. It is

denied that any fraudulent, false, or misleading forensic report was presented to the Grand Jury. Any report or testimony, when read completely and in context, speaks for itself.

51. As to Paragraph 167, these answering Defendants admit another Grand Jury proceeding was held on February 8, 2021, but deny that any fabricated forensic evidence was presented to that Grand Jury or any other Grand Jury. All testimony, when read completely and in context, speaks for itself.

52. As to Paragraph 168, these answering Defendants agree the Plaintiff was found not guilty and acquitted of the charges against him.

53. As to Paragraph 169, these answering Defendants agree the Plaintiff was held in the Detention Center from the date of his arrest until the date of acquittal.

54. As to Paragraph 170, denied.

55. As to Paragraphs 171 – 174, these answering Defendants deny they committed any acts regarding alleged false arrest, false imprisonment, malicious prosecution or deprivation of the Plaintiff's constitutional rights.

56. As to Paragraph 175, these answering Defendants restate their responses to previous paragraphs.

57. As to Paragraphs 176 – 179, these answering Defendants deny they committed any acts in violation of Plaintiff's constitutional rights under the 14th Amendment.

58. As to Paragraphs 180 – 191, these answering Defendants deny they committed any acts of suppression of alleged exculpatory evidence in violation of Plaintiff's constitutional rights under the 14th Amendment.

59. As to Paragraph 192, these answering Defendants restate their responses to previous paragraphs.

60. As to Paragraphs 193 – 203, these answering Defendants deny the existence of deliberately fabricated false and intentionally misleading evidence used against the Plaintiff; deny that the language and lab reports were false or misleading; deny that they suppressed facts or gave information or facts with the intention to mislead; or engaged in any other conduct or committed any acts of deliberate fabrication of false or misleading evidence in violation of Plaintiff's constitutional rights under the 14th Amendment.

61. As to Paragraph 204, these answering Defendants restate their responses to previous paragraphs.

62. As to Paragraphs 205 – 212, no claims are made against these answering Defendants and no response is necessary.

63. As to Paragraph 213, these answering Defendants restate their responses to previous paragraphs.

64. As to Paragraphs 214 – 218, Plaintiff admits these claims are directed at Defendants' supervisors, specifically unknown at this juncture, and as such, no

claims are made against these answering Defendants and no response is necessary.

65. As to Paragraph 219, these answering Defendants restate their responses to previous paragraphs.

66. As to Paragraphs 220 – 225, these answering Defendants deny the existence of any conspiracy with others under any set of facts or allegations in violation of Plaintiff's constitutional rights under the 4th, 5th, 8th, and/or 14th Amendments.

**Affirmative Defenses**

67. These answering Defendants affirmatively state they are entitled to qualified immunity.

68. These answering Defendants affirmatively state they are entitled to absolute immunity.

69. These answering Defendants affirmatively state an 11th Amendment defense to any claim.

70. These answering Defendants affirmatively state that any evidentiary issues and rulings addressed in the underlying State Court matter are of conclusive effect.

71. These answering Defendants affirmatively allege lack of proximate cause and superseding intervening cause.

72. These answering Defendants affirmatively allege collateral estoppel, res judicata, issue preclusion, and claim preclusion.

73. These answering Defendants affirmatively allege that no factual or legal basis exists for an award of punitive damages against them.

74. These answering Defendants affirmatively reserve and assert the right to assert any other affirmative defense or legal defense that may arise during the pendency of the case.

**Wherefore**, Kristina Fryer, Jessika Kirkpatrick, and Heather Specht pray for relief as follows:

1. That the Plaintiff's Complaint and each and every claim and cause of action set forth therein be dismissed with prejudice; and

2. For such other and further relief as the Court deems just and equitable in the premises.

**TRIAL BY JURY REQUESTED ON ALL TRIABLE ISSUES**

Dated this 29th day of October, 2026.

**MORRIS LAW FIRM, PROF. LLC**
*Counsel for Defendants Kristina Fryer, Jessika Kirkpatrick and Heather Specht, In their Individual Capacities*

*/s/ Robert L. Morris*
Robert L. Morris
P.O. Box 370
Belle Fourche, SD 57717-0370
(605) 723-7777
bobmorris@westriverlaw.com