UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JEREMIAH PEACEMAKER,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY TOOMEY, Former Assistant Chief of Police and Current Chief of Police, in his official capacity and individually; LEE MCPEEK, Former Chief of Police of the Watertown Police Department, in his official capacity and individually; TERRY INGALLS, Former Detective of the Watertown Police Department, in his official capacity and individually; DETECTIVE CODY TRUMM, of the Watertown Police Department, in his official capacity and individually; DETECTIVE RUEBEN KINNUNEN, of the Watertown Police Department, in his official capacity and individually; FORMER DETECTIVE CHAD STAHL, formerly of the Watertown Police Department, in his official capacity and individually; OFFICER SHANE HARDIE, formerly of the Watertown Police Department and currently working for the Division of Criminal Investigations, in his official capacity (as an officer for the Watertown Police Department) and individually; OFFICER BRANDON JOHNSON, of the Watertown Police Department in his official capacity and individually; OFFICER RYAN FISCHER, formerly of the Watertown Police Department, in his official capacity and individually; OFFICER JAMON HARBERTS, of the Watertown Police Department, in his official capacity and individually; OFFICER TREVOR BARTHEL, of the Watertown Police Department, in his official capacity and individually; OFFICER CADEN | 1:26-cv-01002-CBK<br><br>**JOINT ANSWER OF AGENT SHANE HARDIE (IN HIS CAPACITY AS A DCI AGENT FOLLOWING HIS TRANSITION FROM EMPLOYMENT WITH THE CITY OF WATERTOWN) AGENT CAMERON COREY, AGENT NATHAN WINTER, AGENT DARIN SINNER, AGENT JEFFREY BELLON, AGENT JEFFREY KOLLARS, AGENT JASON EVEN, AGENT SCOT HAWKS, AND DANIEL A. SATTERLEE, IN THEIR INDIVIDUAL CAPACITIES (DCI DEFENDANTS)** |

| | |
|---|---|
| WOLLSCHLAGER, of the Watertown Police Department, in his official capacity and individually; OFFICER RYAN BEAUCHAMP, of the Watertown Police Department, in his official capacity and individually; OFFICER SCOTT PRICE, of the Watertown Police Department, in his official capacity and individually; EACH SUPERVISOR OF ANY CURRENT OR FORMER WATERTOWN POLICE OFFICER NAMED (unknown names), in their official capacity and individually; AGENT CAMERON COREY, formerly of the South Dakota Division of Criminal Investigation, individually; AGENT NATHAN WINTER, of the South Dakota Division of Criminal Investigation, individually; AGENT DARIN SINNER, of the South Dakota Division of Criminal Investigation, individually; AGENT JEFFREY BELLON, of the South Dakota Division of Criminal Investigation, individually; AGENT JEFFREY KOLLARS, of the South Dakota Division of Criminal Investigation, individually; AGENT JASON EVEN, of the South Dakota Division of Criminal Investigation, in his official capacity and individually; AGENT SCOT HAWKS, of the South Dakota Division of Criminal Investigation, in his official capacity and individually; DANIEL A. SATTERLEE, individually; ATTORNEY GENERAL MARTY JACKLEY, as Supervisor of the Division of Criminal Investigation and South Dakota Forensic lab and individually; JASON RAVNSBORG, as Supervisor of the Division of Criminal Investigation and South Dakota Forensic Lab and individually; MARK VARGO, as Supervisor of the Division of Criminal Investigation and South Dakota Forensic Lab and individually; FORENSIC SCIENTIST HEATHER SPECHT, formerly of the South Dakota Forensic Lab, individually; FORENSIC SCIENTIST JESSIKA KIRKPATRICK, of the South Dakota Forensic Lab, individually; | |

| | |
|---|---|
| KRISTINA FRYER, Director of the South Dakota Forensic Lab, individually; and THE CITY OF WATERTOWN,<br><br>Defendants. | |

COME NOW Defendants Agent Shane Hardie (in his capacity as a DCI Agent following his transition from employment with the City of Watertown), Agent Cameron Corey, Agent Nathan Winter, Agent Darin Sinner, Agent Jeffrey Bellon, Agent Jeffrey Kollars, Agent Jason Even, Agent Scot Hawk, and Daniel A. Satterlee, in their individual capacities ("the DCI Defendants") and make the following response to the Plaintiff's Complaint:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as against the DCI Defendants, and the DCI Defendants move to dismiss on that basis.

**SECOND DEFENSE**

The claims against the DCI Defendants are barred, in whole or in part, by the applicable statute of limitations.

**THIRD DEFENSE**

The DCI Defendants are entitled to qualified immunity in regard to the allegations against them, and the action as against them should be dismissed on that basis.

**FOURTH DEFENSE**

The DCI Defendants are entitled to sovereign and/or governmental immunity, and the action as against them should be dismissed on that basis.

**FIFTH DEFENSE**

The official capacity claims against all DCI Defendants should be dismissed based on Eleventh Amendment and sovereign immunity.

## SIXTH DEFENSE

1. The DCI Defendants deny each and every matter, fact, and allegation contained in Plaintiff's Complaint with the exception of those which are admitted herein.

2. The DCI Defendants admit the following paragraphs of the Plaintiff's Complaint: 8, 17-21, 23, 29, 30, 50, and 168.

3. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the allegations made in the following paragraphs of the Plaintiff's Complaint and, therefore, deny the same: 2-7, 9-16, 33, 34, 36, 44-49, 52-53, 55-62, 64-66, 78-81, 83-109, 111-115, 117-119, 120 (including subparagraphs), 121, 124, 125, 128, 129, 131, 132, 134, 136, 137, 138, 140-143, 145-150, 152, and 154-160. To the extent that any of these paragraphs rely on information set forth in the various transcripts in Plaintiff's underlying criminal case, the DCI Defendants assert that the transcripts speak for themselves.

4. The DCI Defendants specifically deny the following paragraphs of the Plaintiff's Complaint: 38, 39, 71, 74, 75, 76, 116, 126, 139, 144, 151, 153, 162-165, 167, 170-174, and 176-179. To the extent that any of these paragraphs rely on information set forth in the various transcripts in Plaintiff's underlying criminal case, the DCI Defendants assert that the transcripts speak for themselves.

5. The DCI Defendants admit ¶ 1 of the Plaintiff's Complaint based on information and belief.

6. The DCI Defendants admit ¶ 22 of the Plaintiff's Complaint to the extent that, during all or most of the event subject to the Plaintiff's Complaint, Jason Even was a sworn law enforcement agent with the South Dakota DCI and that he resides in South Dakota.

7. The DCI Defendants admit ¶ 24 of the Plaintiff's Complaint to the extent that Defendants Corey's, Winter's, Sinner's, Bellon's, Kollars' and Even's direct supervisors are sworn law enforcement officers. However, based on the vague language of ¶ 24, the DCI Defendants are without knowledge sufficient to form a belief as to the truth of the allegations made and, therefore, deny the same.

8. The DCI Defendants admit ¶ 25 of the Plaintiff's Complaint to the extent that Defendant Daniel A. Satterlee was the Director of the South Dakota DCI at all times relevant to the Complaint, and that he possessed supervisory authority of other DCI personnel. The DCI Defendants also admit Satterlee resides in South Dakota.

9. The DCI Defendants admit ¶¶ 26-28 of the Plaintiff's Complaint but are without knowledge as to whether the Attorney Generals at the time had executive and supervisory authority over the DCI and SDFL Agents or Analysts.

10. The DCI Defendants admit that portion of ¶ 31 that states Kristina Fryer is a forensic scientist and Director for the SDFL. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the remainder of the allegations and, therefore, deny the same.

11. The DCI Defendants admit that portion ¶ 32 of the Plaintiff's Complaint which alleges that Codington County is a municipal entity organized under the laws of the State of South Dakota and that the County employed a State's Attorney who had the powers conferred on that position by statute. One of the State's Attorneys employed during the time period in question is now affiliated with one of the Plaintiff's law firms in this action. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the remainder of the allegations and, therefore, deny the same.

12. The DCI Defendants admit that portion of ¶ 35 of the Plaintiff's Complaint which alleges that the DCI is an agency created by statute and attached to the Office of the Attorney General with the powers and duties described by statute. The rest and remainder of ¶ 35 is denied.

13. The DCI Defendants admit that portion of ¶ 37 of the Plaintiff's Complaint which alleges that this action is a civil rights action brought under 42 U.S.C. § 1983, although it is a statement of law for which no answer is required. The DCI Defendants also admit that the Plaintiff was arrested for the murder of Kendra Owen. The rest and remainder of ¶ 37 is denied.

14. The DCI Defendants admit that portion of ¶ 40 of the Plaintiff's Complaint which alleges that Plaintiff was charged with First Degree Murder and was incarcerated prior to a jury trial, which led to his acquittal of all charges. The DCI Defendants are without knowledge sufficient to determine the truth of the remainder of ¶ 40 and, therefore, deny the same.

15. ¶¶ 41 and 43 of the Plaintiff's Complaint are statements of law to which no response is required.

16. The DCI Defendants admit that portion of ¶ 50 of Plaintiff's Complaint which alleges that on or about September 2, 2020, the body of Kendra Owen was found in her apartment. The DCI Defendants are without knowledge sufficient to form a belief as to the remainder of ¶ 50 and, therefore, deny the same. The pictures taken of the scene and Owen's body and subsequent reports regarding the condition of Owen's body speak for themselves.

17. The DCI Defendants admit that portion of ¶ 51 of the Plaintiff's Complaint which alleges that Ms. Owen lived in a home on North Broadway in Watertown. The DCI Defendants are without knowledge sufficient to form a belief as to the remainder of ¶ 51 and, therefore, deny the same.

18. The DCI Defendants admit that portion of ¶ 54 which asserts that Defendant Corey took the lead on the scene for the DCI. However, the DCI Defendants are without knowledge sufficient to determine the truth of the remainder of ¶ 54 and, therefore, deny the same.

19. The DCI Defendants are without knowledge as to what Defendant Kinnunen photographed as alleged in ¶ 63 of the Plaintiff's Complaint but admit that neither Defendant Kinnunen nor any other person informed DCI about what was located in the backyard. The DCI Defendants are without knowledge sufficient to form a belief as the remainder of ¶ 63 and, therefore, deny the same.

20. Based on current information and belief, the DCI Defendants admit that portion of ¶ 67 of the Plaintiff's Complaint, which alleges that three dead bodies had been found in the same house within five years. The DCI Defendants are without knowledge sufficient to form a belief as to the remainder of ¶ 67 and, therefore, deny the same.

21. As to ¶ 68 of the Plaintiff's Complaint, the DCI Defendants admit that a search warrant was issued at one point and that, at some point, DCI took one or more videos of Ms. Owen's apartment and surroundings. The rest and remainder of ¶ 68 is denied.

22. As to ¶ 69 of the Plaintiff's Complaint, the DCI Defendants are without knowledge sufficient to form a belief as to whether the observations of Defendant Stahl were made or not made by him. The DCI Defendants admit that, if made, DCI was not informed by him of such information. No answer is required as to the opinion commentary set forth by Plaintiff in ¶ 69, but to the extent an answer is required the DCI Defendants are without knowledge sufficient to form a belief as the truth of the opinion commentary and therefore deny the same.

23. The DCI Defendants admit that portion of ¶ 70 of the Plaintiff's Complaint which alleges that, at some point, the DCI Defendants collected evidence and processed the crime scene but deny that any bears were involved.

24. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the first sentence of ¶ 71 of the Plaintiff's Complaint and therefore deny the same. The DCI Defendants deny the second and third sentences of ¶ 71 of the Plaintiff's Complaint.

25. The DCI Defendants deny the first sentence of ¶ 72 of the Plaintiff's Complaint, since the method of collection and preservation would vary based on circumstances and a case-by-case analysis. The DCI Defendants admit the second sentence of ¶ 72 of the Plaintiff's Complaint.

26. The DCI Defendants deny the first sentence of ¶ 73 of the Plaintiff's Complaint and admit that a portion of the crime lab notes and reports contain the language cited in the second sentence, but the report as a whole will speak for itself.

27. As to ¶ 77 of the Plaintiff's Complaint, Agent Even's testimony at trial, when read as a whole, speaks for itself.

28. As to ¶ 82 of the Plaintiff's Complaint, the DCI Defendants state that Defendant Sinner's testimony, when read as a whole, speaks for itself.

29. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in ¶ 110 of the Plaintiff's Complaint and, therefore, deny the same. However, any recording of the media briefing will speak for itself.

30. The DCI Defendants deny the allegations contained in ¶ 122 of the Plaintiff's Complaint made against the DCI. The DCI Defendants are without knowledge sufficient to form a belief as to the remainder of the allegations in ¶ 122 and, therefore, deny the same.

31. The DCI Defendants are without knowledge sufficient to form a belief as to the allegations contained in ¶ 123 of the Plaintiff's Complaint and, therefore, deny the same. However, if recorded in any way, then the statements made at the press interview speak for themselves.

32. The DCI Defendants admit that portion of ¶ 127 of the Plaintiff's Complaint which alleges that some evidence was collected at the scene by the DCI. The remainder of ¶ 127 is denied.

33. The DCI Defendants admit the first sentence of ¶ 130 of the Plaintiff's Complaint and deny the remainder of that paragraph.

34. The DCI Defendants admit the first sentence of ¶ 133 of the Plaintiff's Complaint and deny the second sentence of ¶ 133. Defendant Sinner's testimony referred to in the third sentence will speak for itself.

35. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of ¶ 135 of the Plaintiff's Complaint. As to the remainder of ¶ 135, the DCI Defendants state that the report in question and all reports must be read completely and in context.

36. As to ¶ 161, no answer is required. To the extent an answer is required, the DCI Defendants deny.

37. As to ¶ 166 of the Plaintiff's Complaint, the DCI Defendants admit that the Plaintiff's case was presented twice to a grand jury – once on September 14, 2020. The DCI Defendants are without knowledge sufficient to form a belief as to the truth of the remainder of ¶ 166 but state that Defendant Specht's testimony, when read completely and in context, speaks for itself.

38. The DCI Defendants deny ¶ 169 of the Plaintiff's Complaint and further allege that from September 3, 2020, to the time of his acquittal on March 5, 2024, Plaintiff was a pre-trial detainee and held pursuant to a valid Order of Court and had counsel the entirety of that time.

39. As to ¶ 175, no answer is required. To the extent an answer is required, the DCI Defendants deny.

40. As to ¶¶ 182-185 of the Plaintiff's Complaint, the DCI Defendants state that there are 25 or more individual defendants named in the Plaintiff's Complaint. Without knowing which named Defendants these paragraphs refer to, it is impossible to answer the questions with any degree of certainty. Therefore, these Defendants state that they are without knowledge sufficient to form a belief as to the truth of the allegations contained in ¶¶ 182-185 and, therefore, deny the same.

41. As to ¶¶ 186-191 of the Plaintiff's Complaint, the DCI Defendants restate their response contained in their Answer ¶ 38 above, in regard to ¶¶ 182-185, and further state that they are without knowledge sufficient to form a belief as to the truth of the allegations contained in ¶¶ 186-191 and, therefore, deny the same.

42. As to ¶¶ 192-203 of the Plaintiff's Complaint, the DCI Defendants restate their response as contained in their Answer ¶¶ 38 and 39 above, in regard to ¶¶ 182-185 and 186-191, and further state that they are without knowledge sufficient to form a belief as to the truth of the allegations contained in ¶¶ 192-203 and, therefore, deny the same.

43. ¶¶ 204-212 of the Plaintiff's Complaint apparently do not relate to the DCI Defendants, and, therefore, no response is necessary from the DCI Defendants. If a response is necessary, and they are included in those allegations, than the DCI Defendants deny ¶¶ 204-212.

44. The DCI Defendants deny ¶¶ 213-225 of the Plaintiff's Complaint.

**SEVENTH DEFENSE**

The DCI Defendants affirmatively assert that Plaintiff's claims for punitive damages against the DCI Defendants are barred based on the lack of factual legal support. Such claims are also barred by the applicable provisions of the United States and South Dakota Constitutions.

**EIGHTH DEFENSE**

The DCI Defendants affirmatively assert that Plaintiff's claims in whole or in part are barred by the doctrines of *res judicata*, issue preclusion, claim preclusion, and collateral estoppel; all of which relate to our reliance on various evidentiary rules made pre and during trial by the State Court in the underlying matter.

**NINTH DEFENSE**

The DCI Defendants affirmatively assert that any evidentiary issues and rulings addressed in the underlying State Court matter are of conclusive effect.

**TENTH DEFENSE**

The DCI Defendants affirmatively assert lack of proximate cause and superseding intervening cause.

**ELEVENTH DEFENSE**

The DCI Defendants affirmatively reserve and assert the right to assert any other affirmative defense or legal defense that may arise during the pendency of the case.

WHEREFORE, the DCI Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice as against them and that the DCI Defendants recover their costs and such other and further relief as the Court deems appropriate under the circumstances.

**TRIAL BY JURY IS REQUESTED ON ALL TRIABLE ISSUES.**

Dated this 30th day of October, 2026.

MAY, ADAM, GERDES & THOMPSON LLP

BY: ______________________________

ROBERT B. ANDERSON
JUSTIN L. BELL
TERRA M. LARSON
*Attorneys for the DCI Defendants*
503 South Pierre Street; P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605) 224-8803; Fax: (605)224-6289
rba@mayadam.net; jlb@mayadam.net;
terra@mayadam.net