UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| JEREMIAH PEACEMAKER, | : | 26-cv-01002-CBK |
| Plaintiff, | : | |
| v. | : | **DEFENDANTS MARTY JACKLEY AND MARK VARGO'S BRIEF IN SUPPORT OF MOTION FOR STAY OF FURTHER PROCEEDINGS** |
| TIMOTHY TOOMEY, *et al.*, | : | |
| Defendants. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

South Dakota Attorney General Marty Jackley and former South Dakota Attorney General Mark Vargo have appealed this Court's denial of their motion to dismiss. (Doc. 74.) The asserted basis for their interlocutory appeal is that Jackley and Vargo, as prosecutors, are absolutely immune from suit. Absolute immunity "entitles its possessor to be free from suit, not simply from liability." *Murphy v. Murphy*, 849 F.2d 1101, 1104 (8th Cir. 1988) (emphasis omitted). For that reason, as a practical matter, the immunity is lost if discovery proceeds in the district court while an appeal is pending. On that basis, district courts routinely conclude that discovery before them must be stayed until the interlocutory appeal is resolved. So too here. Jackley and Vargo request that discovery be stayed—both as to them and as to the other defendants in the case—until the Eighth Circuit resolves the immunity question.

## ARGUMENT

Absolute immunity "entitles its possessor to be free from *suit*, not simply from liability," *Murphy*, 849 F.2d at 1104, and one of the "central benefits" of being free from suit is avoiding

discovery. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Edy, Inc.*, 506 U.S. 139, 143-44 (1993). Indeed, concerns about burdensome discovery are *why* defendants who invoke immunities are entitled to an interlocutory appeal in the first place. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985). This benefit would be lost if discovery carried on while an appeal was still pending. To avoid that result, courts typically conclude that the "obviously appropriate" solution is to stay discovery against the defendant until the appeal is resolved. *K.M. v. Ala. Dep't of Youth Servs.*, 209 F.R.D. 493, 495 (M.D. Ala. 2002); *see also, e.g.*, *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (recognizing, in the arbitration context, that the rationale that underlies an immediate appeal is "inconsistent with continuation of proceedings in the district court"); *Hegarty v. Somerset County*, 25 F.3d 17, 18 (1st Cir. 1994) ("[T]he stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of that question, so long as the appeal is non-frivolous."). In the "rare instances" in which a district court has declined to enter a stay, the courts of appeals have stepped in and ordered one. *Speers v. Berrien County*, No. 04-00032, 2005 WL 1907525, at *2 (W.D. Mich. Aug. 10, 2005) (collecting cases); *see* 15A Wright & Miller, *Federal Practice & Procedure* § 3914.10.5 & n.30 (3d ed. 1998).

A stay is appropriate in this case. Jackley and Vargo have appealed this Court's denial of absolute immunity. A prosecutor is immune from suit whenever he "prepares to initiate a judicial proceeding," appears in court, or performs administrative tasks "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009). If the immunity is available, it constitutes "an entitlement to be free from the burdens of time-consuming pre-trial matters," including discovery. *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993); *Hegarty*, 25 F.3d at 18. Jackley and Vargo intend to argue on appeal that the only conduct at

issue in this case is conduct for which they are immune. (*See* Doc. 30, at 13.) Should the Eighth Circuit reverse on that basis, nothing will remain of Peacemaker's claims against them, and they must be dismissed from the case. Any discovery in the interim would be inappropriate, as this Court has been divested of jurisdiction "over those aspects of the case involved in the appeal," including the merits of any claims on which Jackley and Vargo claim immunity. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740-41 (2023) (internal quotation omitted); *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir. 1991); *Mille Lacs Band of Ojibwe v. Mille Lacs County*, No. 17-05155, 2021 WL 1400069, at *3 (D. Minn. Apr. 14, 2021). "Until this threshold immunity question is resolved, discovery should not be allowed." *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

This stay should extend beyond the attorneys general. Jackley and Vargo recognize that, generally, proceedings involving other matters or other defendants are not automatically stayed by virtue of an interlocutory appeal. *Janousek v. Doyle*, 313 F.2d 916, 921 (8th Cir. 1963). But just because a stay is not automatic does not mean it is not warranted. This Court "has broad discretion to stay proceedings when appropriate to control its docket, con[serve] judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants." *S.A. v. Sioux Falls Sch. Dist. 49-5*, No. 23-04139 2023 WL 7413089, at *2 (D.S.D. Nov. 8, 2023) (internal quotation omitted). As courts facing similar circumstances have observed, "it would make little sense to bifurcate discovery into two phases—an initial phase involving [the defendant who has not appealed], then a second phase involving only discovery with [the defendants who appealed]." *E.g.*, *Joritz v. Univ. of Kan.*, No. 17-04002, 2019 WL

2207951, at *1 (D. Kan. May 22, 2019) (alterations in the original). An approach of that sort is "a recipe for needless duplication, waste, and expense." *Speers*, 2005 WL 1907525, at *2-3.[1]

A bifurcated approach is particularly ill-suited to cases in which the claims on appeal share a factual basis with the claims still before the district court. *See, e.g.*, *Jones*, 879 F. Supp. at 88; *Sosa*, 2006 WL 1284927, at *1. In that scenario, there often is "no ascertainable line" between the discovery that might be relevant to the appealed claims and the discovery that might be relevant to the other claims still before the district court. *Ellis*, 2026 WL 660579, at *2. To the extent that a line does exist, it is one that is difficult to maintain in practice. For instance, since there is likely to be a substantial overlap in witnesses whose testimony is relevant to each set of claims (including, perhaps, the defendants themselves), a court may find itself in the position of policing whether each individual interrogatory, request for production, or line of inquiry at a deposition should be closed off because it might also bear on the claims against the appealing defendants. As a practical matter, then, bifurcating discovery is almost certain to result in artificial constraints on any ongoing discovery, duplicative discovery efforts should the

[1] *See also, e.g.*, *Ellis v. City of Huntsville*, No. 25-000745, 2026 WL 660579, at *2 (N.D. Ala. Mar. 9, 2026) (staying all discovery in light of the "substantial practical difficulties" associated with allowing discovery against only one defendant); *Mille Lacs*, 2021 WL 1400069, at *4 ("[I]t would be improper to proceed against one defendant while the other defendants' interlocutory appeal remains pending."); *Mallak v. Aitkin County*, No. 13-02119, 2015 WL 13187116, at *6 (D. Minn. Oct. 14, 2015) (refusing to bifurcate discovery where the claims were "expected to . . . overlap" with the ones on appeal); *Gaalla v. Citizens Med. Ctr.*, No. 10-00014, 2011 WL 23233, at *2 (S.D. Tex. Jan. 4, 2011) ("In light of the close relationship between the claims . . . , it is appropriate to stay this case in its entirety pending resolution of the qualified immunity issues on interlocutory appeal."); *Sosa v. Hames*, No. 05-23079, 2006 WL 1284927, at *1 (S.D. Fla. May 3, 2006) (reasoning that a universal stay would best conserve private and judicial resources); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp. 2d 1086, 1089 (W.D. Mo. 1999) ("Many district courts, faced with a similar appeal and motion to stay after having denied immunity, determine that a stay of *all* proceedings is required pending the outcome of appeal."); *Jones v. Clinton*, 879 F. Supp. 86, 88 (E.D. Ark. 1995) (granting a stay of discovery where the claim on interlocutory appeal was "inextricably intertwined" with the claims still before the district court).

appealing defendants return to district court, or a combination of both. This wasteful, piecemeal approach to discovery can be avoided only by staying *all* discovery until the appeal is resolved.

A case-wide stay of discovery is warranted here. Peacemaker sued more than two dozen defendants in state, county, and local law enforcement, alleging widespread malfeasance in the murder investigation of which Peacemaker was the subject. While his legal claims against these defendants vary, each claim arises from the same investigation and is predicated on the same general set of facts. That much is illustrated by Peacemaker's complaint, in which he devotes 113 paragraphs to laying out "factual allegations common to all counts." (Doc. 1, ¶¶ 44-157.) His core grievances are that law enforcement pegged him as a murder suspect based on a supposedly deficient investigation, arrested him without probable cause, disregarded allegedly exculpatory evidence, and then subjected him to a trial at which he was acquitted. (*See, e.g.*, *id.* ¶¶ 37, 39-40.) On the basis of those allegations, Peacemaker asserts that the defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Sometimes, the alleged liability is direct, and, sometimes, it is based on the conduct of other defendants. (*See id.* ¶ 214 (asserting a supervisory liability claim against "all [d]efendants' supervisors, specifically unknown").)

Given that state of affairs, there is no way for the remaining parties to meaningfully pursue discovery while excluding the attorney-general defendants—at least not without forcing the attorneys general to duplicate the same discovery efforts should they later return to district court (or, worse, to forfeit their immunity rights in the interim). For example, if discovery proceeds apace, and the Eighth Circuit affirms this Court, it is almost certain that the attorneys general will end up re-deposing witnesses already deposed by Peacemaker or the non-appealing defendants. The same will hold true for other aspects of discovery, where the attorneys general

would be entitled to discover evidence specific to their claims from parties and other witnesses who may have already answered requests from other defendants. While the appeal is pending, meanwhile, any witnesses would be obliged to steer clear of merits issues that could bear on the claims against the attorneys general—or else risk violating the prohibition on discovery before it is "conclusively determined" whether the attorneys general are immune from suit. *See Mallak*, 2015 WL 13187116, at *6; *Jones*, 879 F. Supp. at 88. In this respect, proceeding with discovery now will serve only to waste the parties' resources and undermine interests in judicial economy.

Finally, a universal stay pending appeal will not prejudice Peacemaker. Peacemaker cannot show how such a stay "would result in the loss of evidence, the unavailability of witnesses, or any other specific harm to [his] ability to litigate this case." *Ellis*, 2026 WL 660579, at *1. Because this case has its roots in the underlying criminal prosecution against him, Peacemaker has already had an opportunity to discover (and test at trial) much of the evidence that was mustered in support of the government's case. Presumably, any additional physical or documentary evidence that he would like to discover is in the possession of the government offices that employ the defendants. That evidence can be preserved by a litigation hold and is not at risk of being lost to the passage of time. Meanwhile, one expects that most (if not all) of the additional witnesses Peacemaker may wish to depose will also be government officials, who are not at serious risk of disappearing or otherwise becoming unavailable during the appeal.

## CONCLUSION

"[D]istrict courts often stay proceedings once a defendant has appealed the district court's denial of a claim to immunity—even where the case involves co-defendants without a claim to immunity." *Mille Lacs*, 2021 WL 1400069, at *3. This case is a paradigm example for why that

practice is justified. Because Peacemaker's case against the attorneys general shares a factual basis with his claims against the other defendants, discovery should be stayed as to all defendants while the absolute-immunity claims are resolved on appeal. At a minimum, the case must be stayed with respect to the attorneys general themselves, as this Court has been divested of jurisdiction over the merits of the claims against them until the immunity issue is resolved.

Dated this 5th day of November, 2026.

WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ James E. Moore

James E. Moore
P.O. Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, SD 57117-5027
Phone (605) 336-3890
james.moore@woodsfuller.com
*Attorney for Defendants Marty Jackley and Mark Vargo in their individual capacities*